UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSS, JR., <br><br> Plaintiff, <br><br> v. <br><br> C. ENTZEL, ET AL., <br><br> Defendants. | Case No. EDCV 17-2144-PSG (KK) <br><br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

On December 22, 2017, Plaintiff Will Moss, Jr. ("Plaintiff"), an inmate in the custody of the Bureau of Prisons at Victorville Medium II ("Victorville"), proceeding pro se and in forma pauperis, constructively filed[1] a First Amended Complaint ("FAC") against various defendants for a delay in receiving new eyeglasses. The Court has now screened the FAC pursuant to 28 U.S.C. §

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"); Mayer v. Redix, No. CIV S-10-1552 GGH P, 2012 WL 360202, at *7 n.22 (E.D. Cal. Feb. 2, 2012) on reconsideration, No. CIV S-10-1552 GGH P, 2012 WL 1082044 (E.D. Cal. Mar. 30, 2012) (applying "mailbox rule" to Bivens action).

1915A(a). For the reasons discussed below, the Court dismisses the FAC with leave to amend.

## II.
## BACKGROUND

On October 1, 2017, Plaintiff constructively filed a Complaint against defendants C. Entzel, F. Garrido, R. Poyner, and [FNU] Langel, each in their official capacity, and the Federal Bureau of Prisons. Dkt. 1, Compl. at 3-4.

On December 22, 2017, Plaintiff constructively filed the FAC pursuant to Bivens[2] against defendants C. Entzel, F. Garrido, R. Poyner, K. Leen, and [FNU] Langel (collectively, "Individual Defendants"), each in their official and individual capacities. Dkt. 13, FAC at 2-3. The FAC also names the Federal Bureau of Prisons as a defendant. Id. at 3.

Plaintiff claims he "suffers visual impairment by being legally blind in his right eye and a refractory error in his left which requires at all times corrective as well as protective prescription eye glasses for the protection of his left eye due to a birth defect." Id. at 4. Plaintiff alleges his eyeglasses broke on August 9, 2016 when he was "out to court" in the Sacramento California Main County Jail, and when he returned to Victorville "on or about January 9, 2017, he requested a new pair of glasses." Id.

Plaintiff alleges despite him following up on his request for new eyeglasses and his "worsening and debilitating headaches" from not having his eyeglasses with multiple prison officials, the Individual Defendants failed to address his requests and/or chose to "purposely and willfully ignore Plaintiff's requests," causing him "severe injury," and "putting him at risk of irreparable harm" for "los[s] of his sight or decreased vision of his 'good' eye due to the stress and strain

---

[2] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

he has put on it," which "may have already cause[d] him irreparable harm."  Id. at 11-12.

Plaintiff seeks a preliminary and permanent injunction "to provide Plaintiff with his glasses immediately."  Id. at 13.  Plaintiff also seeks compensatory damages and punitive damages against each defendant.  Id.

### III.
### STANDARD OF REVIEW

As Plaintiff is a prisoner who has filed a civil action seeking "redress from a governmental entity or officer of employee of a governmental entity," the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(a).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). If, however, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

# IV.

# DISCUSSION

**A. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER *BIVENS* AGAINST THE FEDERAL BUREAU OF PRISON, OR THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY**

The Supreme Court has recognized an implied cause of action against certain federal officials for certain constitutional violations. See Bivens, 403 U.S. 388. However, a Bivens claim is not available against federal agencies or federal agents sued in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 486, 510 U.S. 471, 486, 114 S. Ct. 996, 1006, 127 L. Ed. 2d 308 (1994) (no Bivens action against federal agencies); Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007) (no Bivens action against federal agents in their official capacity). Hence, Plaintiff's claims for relief under Bivens against the Federal Bureau of Prisons, and the Individual Defendants in their official capacity must be dismissed.

**B. PLAINTIFF FAILS TO ALLEGE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANTS ENTZEL, GARRIDO, AND LEEN IN THEIR INDIVIDUAL CAPACITY**

**1. Applicable Law**

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (alterations omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); see also Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant: (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v.

Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Specifically, Plaintiff must present facts that demonstrate the prison officials' indifference to his medical needs was both "purposeful" and "substantial" in nature. Ruvalcaba v. City of L.A., 167 F.3d 514, 525 (9th Cir. 1999) (citations omitted).

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" Peralta, 744 F.3d at 1081 (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'" Id. at 1082 (quoting Farmer, 511 U.S. at 837). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be substantial – negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

"When medical treatment is delayed rather than denied, the delay generally amounts to deliberate indifference only if it caused harm." Garcia v. Cate, No. EDCV 13-1610-JFW (MAN), 2015 WL 5998607, at *15 (C.D. Cal. June 4, 2015) (first citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997); then

citing Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); and then citing Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (stating that a prisoner alleging deliberate indifference to serious medical needs based on a delay in treatment must show that the delay in treatment caused further injury)).

### 2. Analysis

Here, Plaintiff alleges he has not been provided new eyeglasses since he requested them in February 2017. FAC at 5-6, 11. However, Plaintiff fails to allege facts establishing defendants Entzel, Garrido, and Leen were deliberately indifferent by denying, delaying, or intentionally interfering with his medical treatment. See Colwell, 763 F.3d at 1066. To the contrary, the facts alleged demonstrate defendants Entzel, Garrido, and Leen provided appropriate directions and responses when Plaintiff raised the issue regarding his eyeglasses.

With respect to defendant Entzel, Plaintiff alleges he addressed his need for prescription eyeglasses and the headaches he suffered from not having them with defendant Entzel on or about June 20, 2017. FAC at 6, ¶ 22. Plaintiff claims, "[a]fter listening to Plaintiff's issue," defendant Entzel then "directed" Plaintiff to address his issue with then-Health Services Administrator, defendant Leen. Id. Hence, Plaintiff fails to allege that any action (or inaction) by defendant Entzel denied, delayed, or intentionally interfered with his medical treatment.

With respect to defendant Garrido, Plaintiff alleges he addressed the issue of not receiving eyeglasses with defendant Garrido on or about July 6, 2017. Id. at 7, ¶ 27. Defendant Garrido responded by advising Plaintiff "his issue would be taken care of." Id. Thereafter, on or about September 6, 2017, defendant Garrido further "addressed the issue with Plaintiff and assured him that his glasses were ordered and should be received shortly." Id. at 9, ¶ 35. Hence, Plaintiff fails to allege any action (or inaction) by defendant Garrido denied, delayed, or intentionally interfered with his medical treatment.

7

Finally, with respect to defendant Leen, the former Health Services Administrator, Plaintiff alleges he addressed the issue of eyeglasses with defendant Leen on or about June 20, 2017. Id. at 6. Defendant Leen advised Plaintiff that eyeglasses "usually take[] up to 6-8 months[3] to receive." Id. at 6, ¶ 23. Hence, Plaintiff fails to allege any action (or inaction) by defendant Leen denied, delayed, or intentionally interfered with his medical treatment.

Accordingly, Plaintiff fails to state a deliberate indifference claim against defendants Entzel, Garrido, and Leen. Hence, the claim for deliberate indifference against defendants Entzel, Garrido, and Leen in their individual capacity must be dismissed.

## C. PLAINTIFF FAILS TO ALLEGE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT LANGEL IN HIS INDIVIDUAL CAPACITY

### 1. Applicable Law

Actions in reviewing and denying administrative appeals or grievances do not necessarily cause or contribute to a constitutional violation. See Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) ("Inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1998) ("There is no legitimate claim of entitlement to a grievance procedure."). Rather, a plaintiff can only "establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging his appeal put defendants on notice that he had a serious medical need that was not being met, and their denial, therefore, constituted deliberate indifference to his medical need." Brammer v. Yates, No. F-07-1350

---

[3] While Plaintiff may be frustrated with the length of time it has taken to provide him with new eyeglasses, he was advised that it would "probably take awhile" to receive them and that eyeglasses "usually take[] up to 6-8 months to receive." FAC at 5-6, ¶¶ 20, 23. Hence, the delay, while arguably unfortunate, does not seem extraordinary or otherwise unusual.

8

GBC (PC), 2011 WL 5873393, at *5 (E.D. Cal. No. 22, 2011). However, involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of the alleged violation to constitute deliberate indifference. Peralta, 744 F.3d at 1086-87.

### 2. Analysis

Plaintiff alleges a deliberate indifference claim against defendant Langel, the Case Management Coordinator and Administrative Remedy Coordinator, for rejecting Plaintiff's Administrative Remedy Request for eyeglasses. FAC at 10. Specifically, on September 25, 2017, defendant Langel rejected Plaintiff's request on procedural grounds that Plaintiff "did not attempt an informal resolution or provide evidence of an information resolution-attempt" and failed to provide the required four copies of his continuance. Id.; Ex. C. While Plaintiff appears to allege that defendant Langel was present during "discussions" at SHU meetings, Plaintiff fails to allege that defendant Langel was aware of a serious medical need for eyeglasses that she then deliberately disregarded in denying the Administrative Remedy Request. See id. at 10. Instead, Plaintiff only claims defendant Langel "*should have been* fully apprised of all the informal resolution attempts" that Plaintiff made "as well as his restriction of making the required 4 copies of his continuance due to being in SHU." Id. (emphasis added).

Accordingly, Plaintiff fails to allege that defendant Langel was aware of a serious medical need that she then disregarded. Hence, the claim for deliberate indifference against defendant Langel in her individual capacity must be dismissed.

### V.
### LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

9

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1.  Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

2.  Alternatively, Plaintiff may proceed on the Eighth Amendment deliberate indifference claim against defendant Poyner in his individual capacity only. **If Plaintiff intends to select this option, he must file a statement clearly indicating his wish to proceed on this claim only and voluntarily dismiss all other claims and defendants.**

3.  Alternatively, Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. <u>**The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**</u>

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the FAC, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a

preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: January 11, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge